# EXHIBIT 1

Title 34
Chapter 11F
(New)
Employer Fee
Concerning
Certain
Employees'
Health Benefits
Coverage
§§1-3
C.34:11F-1
to 34:11F-3
§4
Note

P.L. 2026, CHAPTER 23, ***approved June 30, 2026***
Assembly, No. 5324 ***(First Reprint)***

**AN ACT** establishing a fee on certain employers that employ individuals receiving health benefits coverage through the State Medicaid program, and supplementing Title 34 of the Revised Statutes.

**BE IT ENACTED** *by the Senate and General Assembly of the State of New Jersey:*

1. a. As used in this act:

"Commissioner" means the Commissioner of Labor and Workforce Development.

"Department" means the Department of Labor and Workforce Development.

"Division" means the Division of Revenue and Enterprise Services in the Department of the Treasury.

"Employee" means any person suffered or permitted to work by an employer, except that an independent contractor shall not be considered an employee. For purposes of this act, the employer shall have the burden of establishing that an individual is an independent contractor, by showing that the individual and the services that the individual provides meet the test for independent contractor status set forth in R.S.43:21-19.

"Employer" means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State that has at any time during the previous calendar year employed 50 or more employees who receive health benefits coverage through the State

**EXPLANATION – Matter enclosed in bold-faced brackets [thus] in the above bill is not enacted and is intended to be omitted in the law.**

**Matter underlined thus is new matter.**
**Matter enclosed in superscript numerals has been adopted as follows:**
**[1]Assembly ABU committee amendments adopted June 28, 2026.**

Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.). For the purposes of this act, the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation. In addition, any members of a partnership or limited liability company and any agents having the management of such partnership or limited liability company shall be deemed to be employers of the employees of the partnership or limited liability company.

"Dependent" means an employee's spouse, civil union partner, or domestic partner, an unmarried child of the employee who is less than 31 years of age and lives with the employee in a regular parent-child relationship, or an unmarried child of the employee who is not less than 31 years of age and is not capable of self-support. "Child of the employee" includes any child, stepchild, legally adopted child, or foster child of the employee, or of a domestic partner or civil union partner of the employee, who is reported for health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) and dependent upon the employee for support and maintenance.

b. Except as provided in subsection d. of this section, an employer shall annually pay to the division a fee, which shall be determined pursuant to subsection c. of this section and assessed by the division, for each employee of the employer, and each dependent of the employee, who receives health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) for the purpose of raising revenue to defray State Medicaid costs.

c. The fee to be imposed on an employer shall be determined based on the number of employees, and dependents of employees, who receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) on December 31 preceding the date employers are notified of their liability under this section pursuant to subsection e. of this section as follows:

(1) for an employer with at least 50 but fewer than 250 employees who receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.), $325 for each employee, and for each of the employee's dependents, who receives State Medicaid benefits;

(2) for an employer with at least 250 but fewer than 500 employees who receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.), $525 for each employee, and for each of the employee's dependents, who receives State Medicaid benefits; and

(3) for an employer with 500 or more employees who receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.), $725 for each employee, and for each of the employee's dependents, who receives State Medicaid benefits.

d. Notwithstanding the provisions of subsections b. and c. of this section to the contrary, an employer shall not be liable for the fee established pursuant to subsection b. of this section for any employee of the employer, or dependent of the employee, with a developmental disability as defined in section 3 of P.L.1985, c.145 (C.30:6D-25), an intellectual disability as defined in section 13 of P.L.1965, c.59 (C.30:4-25.1), or a permanent physical disability as defined in section 2 of P.L.1987, c.350 (C.30:4G-14).

e. On or before March 1 of each year, the division, using the information provided pursuant to section 2 of this act, shall notify an employer that the employer is required to pay the fee imposed under this section and to file information to facilitate the processing and tracking of such payment. The notification provided by the division shall indicate the number of employees, and dependents of the employees, who receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.), for which an employer is required to pay the fee. An employer required to pay the fee and provide any related filing information shall do so through an electronic method specified by the division. Payment methods may include electronic funds transfer, payment card, or any other electronic method approved by the division. Filing information shall be submitted over the Internet or through any other electronic method approved by the division. All payments and filings shall be due on or before April 15.

f. An employer who fails to pay the fee for each impacted employee or dependent required under the provisions of this section shall be subject to a penalty not to exceed $500 per day for each day the fee remains unpaid.

g. An employer may dispute the determination that the employer is required to pay the fee established pursuant to this section by filing an appeal with the department for a review of that determination; and the department shall have authority to reverse the division's determination that the employer is required to pay the fee if it concludes the fee was improperly imposed. An employer shall file the appeal in accordance with rules adopted pursuant to section 3 of this act and shall submit data satisfactory to the department to demonstrate that the assessment of the fee was incorrect; provided, however, the employer shall remit the fee as required by subsections b. through e. of this section pending the disposition of the appeal. If the department determines that the employer has satisfactorily demonstrated that the division incorrectly assessed the fee, then the department shall notify the division, which shall refund the amount paid by the employer. The employer shall not be entitled to a return of any penalty paid pursuant to subsection f. of this section. The review by the department shall be in conformity with the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.). The decision of the department in such cases shall be subject to appeal to the Appellate Division of the Superior Court.

h. For purposes of administering this section, the Commissioner of Labor and Workforce Development, if the commissioner deems it necessary, may make or cause to be made an audit, examination, or investigation of the books, records, papers, accounts, and documents of any employer receiving notification from the department pursuant to subsection e. of this section. It shall be the duty of each employer receiving notification from the division pursuant to subsection e. of this section to exhibit to the commissioner, or to any employee of the department, all such books, records, papers, accounts, and documents of the employer.

i. If the commissioner determines that an employer has failed to properly classify employees to avoid paying the fee required under the provisions of this section, the commissioner shall be authorized to assess and collect penalties in accordance with section 1 of P.L.2019, c.373 (C.34:1A-1.18).

j. Beginning on July 1, 2027, the following employees who receive health benefits coverage through the State Medicaid program shall be excluded from the requirements of this section:

(1) an employee of the employer who has been employed by the employer for less than 90 days at the time the fee is determined pursuant to subsection c. of this section;

(2) an employee who works part-time, on a per diem basis, or who is a temporary employee; or

(3) a seasonal employee.

If, prior to July 1, 2027, an employer is charged a fee pursuant to this section for an employee who would be excluded under this subsection beginning on July 1, 2027, the employer shall be entitled to a credit against any liability for the provisions of this section, or if there is no liability, a refund in the following year for any fee paid by the employer concerning that employee. The employer shall bear the burden to demonstrate to the satisfaction of the commissioner that the employer paid a fee for an employee who meets the criteria for an exclusion in paragraph (1), (2), or (3) of this subsection, in a form and manner as determined by the commissioner.

[1]k. (1) An employer shall not rely upon, use, or consider information disclosing whether a job applicant or employee receives health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) as a basis for denying to the applicant or employee the opportunity to obtain or maintain employment, or to advance in position in their job.

(2) The substantive right established by paragraph (1) of this subsection may be enforced pursuant to P.L.2004, c.143 (C.10:6-1 et seq.).

l. Notwithstanding the provisions of any other law to the contrary, individually identifiable information about an employee or a dependent who receives health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) contained in data prepared for the purposes of implementing the

provisions of this act shall be confidential and privileged. The commissioner, the Director of the Division of Revenue and Enterprise Services, or any employee engaged in the administration thereof or charged with the custody of any such data shall not divulge, disclose, use for their own personal advantage, or examine for any reason other than a reason necessitated by the performance of official duties any information obtained from the data. Individually identifiable information about an employee or a dependent shall be exempt from disclosure under P.L.1963, c.73 (C.47:1A-1 et seq.), commonly known as the open public records act.[1]

2. Notwithstanding the provisions of any law or regulation to the contrary, the Departments of Human Services, Labor and Workforce Development, and the Treasury shall enter into a memorandum of understanding to share any data and other resources necessary to implement the provisions of this act to the extent allowed under federal law.

3. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), to the contrary, the State Treasurer, in consultation with the Commissioners of Labor and Workforce Development and Human Services, may adopt, immediately, upon filing with the Office of Administrative Law, regulations that the State Treasurer deems necessary to implement the provisions of this act, which shall specify the number of days that employees, and dependents of the employees, shall be required to receive health benefits coverage through the State Medicaid program pursuant to P.L.1968, c.413 (C.30:4D-1 et seq.) and employed by an employer to cause the assessment of the fee established pursuant to section 1 of this act and the procedure for appealing the issuance of the fee. The regulations shall be effective for a period not to exceed 365 days from the date of the filing, and the State Treasurer, in consultation with the Commissioners of Labor and Workforce Development and Human Services, shall thereafter amend, adopt, or readopt the regulations in accordance with the requirements of P.L.1968, c.410 (C.52:14B-1 et seq.).

4. This act shall take effect immediately and remain inoperative until July 1, 2026.

---

Establishes fee on certain employers that employ individuals who receive health benefits coverage through State Medicaid program.